866 F.2d 1415
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Parkus HANSLEY, Jr., Plaintiff-Appellant,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Defendant-Appellee.
 No. 88-2827.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 5, 1989.
Decided: Jan. 30, 1989.
 
 Samuel S. Popkin, Popkin & Associates, for appellant.
 Vaiden P. Kendrick, Murchison, Taylor, Kendrick, Gibson & Davenport, for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Parkus Hansley, Jr. appeals from the district court grant of summary judgment in favor of Nationwide Mutual Fire Insurance Company in his action to recover under a fire insurance policy. On Hansley's motion, the case was submitted on briefs without oral argument. We affirm.
 
 
 2
 Nationwide issued a homeowner's policy to Hansley in June 1982 providing coverage on a dwelling located in Richlands, North Carolina. While this policy was in effect, the residence and its contents were damaged by fire on March 31, 1984. Hansley subsequently filed a proof of loss and Nationwide initiated an investigation.
 
 
 3
 One of the conditions of the policy stated that the insured must submit, as often as reasonably required, to an examination under oath. Pursuant to that provision, Hansley was examined under oath in July 1984 by an attorney for Nationwide. Hansley, accompanied by his attorney, expressly refused to answer numerous questions concerning his bank accounts, debts and income. The relevance of these questions was explained to Hansley by Nationwide's attorney, but Hansley steadfastly refused to answer. At the conclusion of the examination, Nationwide's attorney once again offered Hansley an opportunity to answer the questions, but Hansley replied that while he understood the relevance, "I do not want you to go back over them because I don't have any intentions of answering them." The attorney subsequently wrote two letters to Hansley's counsel stating that he would schedule another examination if the questions would be answered, but he received no reply.
 
 
 4
 Nationwide refused to pay the claim because the investigation could not be completed without Hansley's cooperation. Hansley then brought suit in North Carolina state court and Nationwide removed the action to federal court. The district court granted Nationwide's motion for summary judgment on the ground that Hansley failed to comply with the terms of the policy by refusing to answer questions concerning his financial condition.
 
 
 5
 Hansley concedes that the financial condition of an insured is a relevant matter for inquiry under a fire insurance policy where arson is suspected. Chavis v. State Farm Fire and Casualty Co., 317 N.C. 683, 346 S.E.2d 496 (1986). However, he contends that his failure to answer did not constitute an intentional breach of the policy since he was not aware that he was suspected of arson.
 
 
 6
 It is clear that Hansley was fully aware of the nature of the inquiry and that he expressly declined to answer the questions posed by Nationwide. The district court therefore properly granted Nationwide's motion for summary judgment since Hansley's refusal to answer breached the provisions of the policy.
 
 
 7
 AFFIRMED.